```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

MICHAEL J. O'CONNELL, et al.,    )
                                 )
            Plaintiffs,          )
                                 )
      v.                         )       No. 4:06 CV 1423 DDN
                                 )
PENNY PLUMBING, INC. and         )
ROBERT KEY d/b/a Penny Plumbing, )
Inc.,                            )
                                 )
            Defendants.          )

## MEMORANDUM AND ORDER

This action is before the court upon the motion of the plaintiffs to compel discovery (Doc. 32). A hearing was held on November 16, 2007.

In this case a consent judgment for the periodic payment of monies by the defendant to the plaintiffs was entered. (Doc. 9.) Thereafter, because defendant failed to make payments as required by the consent judgment, plaintiffs effected the issuance of a writ of execution and interrogatories directed to defendant under Federal Rule of Civil Procedure 69.

On September 21, 2007, the deposition of Robert Key was taken on behalf of the defendant. After answering the initial questions regarding his identity, Mr. Keys refused to answer any further questions, invoking his rights under the Fifth Amendment to the Constitution of the United States. (See Doc. 33, Ex. 2.)

At the hearing before the undersigned, defendant argued that he was entitled to the "absolute" invocation of the Fifth Amendment without being required to justify its invocation. That is clearly not the law. Chief District Judge Carol E. Jackson ruled recently,

> The Fifth Amendment privilege against self-incrimination "not only extends to answers that would in themselves support a conviction ... but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant." Hoffman v. United States, 341 U.S. 479, 486 (1951). However, in order to invoke the protection, the witness must have "reasonable cause to apprehend danger from a direct answer." Id. The privilege against self-incrimination presupposes a real danger of legal detriment arising from the disclosure. Rogers v. United States, 340 U.S. 367, 372-73 (1951). Disclosure of a fact waives the privilege as to details. Id. at 373.

> There is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings. Capitol Products Corp. v. Hernon, 457 F.2d 541, 542 (8th Cir. 1972). In evaluating a claim of Fifth Amendment privilege, the court must determine, for each question, "from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Id. at 543, quoting Hoffman, 341 U.S. at 486-87. Mr. Fennell does not argue that a responsive answer to the questions asked might lead to an injurious disclosure.
>
> The Capitol Products Corp. case is instructive. As in the present matter, a judgment creditor attempted to depose the judgment debtor pursuant to Rule 69. The judgment debtor invoked his right against self-incrimination and refused to answer questions or provide documents. Id. at 542 n. 1. The district court ordered him to answer two of the propounded questions but otherwise upheld his right against self-incrimination. The Eighth Circuit Court of Appeals reversed, finding that "nothing either inherent in the questions or in the setting in which they were asked suggests that the defendant was confronted by a substantial and real hazard of incrimination." The court noted that there was nothing to link the debtor with any criminal proceeding, nor was there any reason to believe that the purpose of the examination was anything other than a search of his assets to satisfy the judgment. The Court of Appeals remanded the matter to the district court with instructions to order the defendant to answer all questions that were still relevant, "unless a real danger of incrimination is specifically established with respect to each question. On remand, the court should give the defendant an opportunity to develop the facts underlying his fear of incrimination." Id. at 544.

Schembre v. AGR Constr. Co., No. 4:06-CV-943 (CEJ), 2007 WL 3268443, at *2-3 (E.D. Mo. Nov. 2, 2007).

Therefore,

**IT IS HEREBY ORDERED** that the motion of plaintiffs to compel discovery (Doc. 32) is sustained to the extent that defendant through Robert Key shall respond to the discovery requests of the plaintiffs without a blanket invocation of the Fifth Amendment. For each relevant discovery request, documentary or testimonial, a substantive response or answer shall be made, unless a real danger of incrimination is

specifically established with respect to each question or documentary request.

**IT IS FURTHER ORDERED** that defendant shall have 24 days in which to respond to the plaintiffs' documentary requests.

      /S/ David D. Noce
  **UNITED STATES MAGISTRATE JUDGE**

Signed on November 16, 2007.